30 C.C.P.A.(Patents)

### In re ROCHMAN.
#### Patent Appeal No. 4750.

Court of Customs and Patent Appeals.
April 5, 1943.

John L. Woodward, of Washington, D. C. (Wilbur W. Williamson, of Philadelphia, Pa., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting as unpatentable over the prior art all of the claims, 1, 5 and 6, of appellant's application for a patent for alleged new and useful improvements in a Cleaning Device.

Claim 5 is illustrative and reads as follows: "5. As an article of manufacture, a cleaning device consisting of an oblong rubber sponge body having all of its surfaces porous, a semi-hard live rubber panel fixed to a face of said body, and a U-shaped handle of the same type of rubber as said panel and formed as an integral part of said panel with the ends of the handle adjacent the ends and within the area of said panel."

The references cited are:
Gottschalk, 692,010, January 28, 1902;
Falk (British), 14,099, June 18, 1914;
Pintel, 1,723,520, August 6, 1929.

The alleged invention relates to a device comprising an oblong or brick-shaped rubber sponge to one of the larger faces of which is cemented a rubber plate which is smaller than the surface to which it is joined leaving a margin wider on the sides of the plate than on the ends. The plate is integral with a U-shaped handle. The device is quite similar in appearance to an old-fashioned scrubbing brush or flat-iron.

The Gottschalk patent relates to a cleaner for kid gloves and a process by which the cleaner is made. It discloses a device comprising an oblong section of sponge rubber with a rubber plate cemented to one of its larger sides. There is no handle to the device, and the plate is coterminous with the sponge rubber. The edges of the plate are beveled.

The Falk patent relates to a cleaning device and discloses a rubber sponge of the same form as that shown in the application, having a rubber plate with a margin around its edges cemented to one of the larger sides of the sponge. A rubber hose through which cleaning liquid may be supplied to the sponge is formed integral with the plate and communicates with a slot therein for the passage of water through the hose and slot to the sponge.

The Pintel patent relates to a holder for a body or cake of steel wool. The holder comprises a rubber pad having a U-shaped handle integral therewith.

The Primary Examiner, pointing out that claim 5 is the broadest in scope, rejected it as unpatentable over the patent to Falk taken in connection with the Pintel patent. The examiner pointed out that the hose of the Falk patent would serve the function of a handle and that no invention would be involved in providing the device of Falk with a U-shaped handle as shown by Pintel.

Claims 1 and 6 were rejected by the examiner as unpatentable over Falk taken in connection with the Pintel and Gottschalk patents.

The Board of Appeals in its decision held that there was nothing of an inventive nature in the claims over the reference structures; that the selective aggregation of a U-shaped handle on a semi-live hard rubber panel for the sponge is not more than an expedient; and that other features are likewise old and aggregated with features of the prior art in an obvious manner.

The sole issue here is whether or not it is obvious to one skilled in the art to construct the device of appellant in view of the references.

It will be observed that the device of the Falk patent meets every limitation of claim 5 except that a U-shaped handle is not shown. The Pintel patent discloses a U-shaped handle integral with a rubber pad-holding member, and it is clear to us that it would not involve invention to apply the U-shaped handle of the latter patent to the device of the former. Therefore in our opinion claim 5 was properly rejected on the Falk patent in view of the patent to Pintel.

Claim 1 differs from claim 5 in that it contains the limitation "the side edges of the panel being a greater distance from the adjacent sides of the rubber sponge than are the end edges of said panel from the adjacent ends of the rubber sponge." The patent to Falk shows greater spacing at the ends than at the sides. This matter of spacing, in our opinion, should be regarded, as was held by the examiner, as merely a matter of choice which lends no novelty to the device. Therefore the tribunals of the Patent Office did not err in rejecting claim 1 as aforesaid.

Claim 6 adds to the structure of claim 5 the further limitation "the edges of the panel being beveled to afford greater resiliency thereto than to the balance of said panel." The Gottschalk patent discloses the beveling of the rubber plate, and this limitation cannot lend patentability to the claim.

In our opinion the structure defined by the claim results merely from selection and assembly of old features found in the prior art. There is no unusual or novel result achieved. It would require nothing more than mechanical skill to modify the Falk device in view of the other references to accord with appellant's structure.

The decision of the Board of Appeals is affirmed.

Affirmed.